**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                    )
JOHN RIBEIRO, FELIPE PEREIRA,       )
EBENÉZER BRAGA,                     )
MARCELO DA SILVA, TIAGO MARTINS TEIXEIRA, )
ITALO ALVES,                        )
RONNE DE SOUZA, WARLEY DA SILVA,    )
MATHEUS GUIMARAES DA SILVA,         )
AND HUDSON DE OLIVEIRA JUNIOR       )
                                    )
            Plaintiffs,             )   No. _____
                                    )
        v.                          )   **JURY DEMANDED**
                                    )
VOLTECH ELECTRIC, INC, and          )
MARCELO ARUAJO,                     )
                                    )
                                    )
            Defendants.             )
_____)

**COMPLAINT**

### I. INTRODUCTION

1.  Plaintiffs John Ribeiro, Felipe Pereira, Ebenézer Braga, Marcelo da Silva, Tiago Martins Teixeira, Italo Alves, Ronne De Souza, Warley da Silva, Matheus Guimaraes da Silva, and Hudson De Oliveira Junior bring this action against Voltech Electric, Inc ("Voltech"), which is owned and operated by Marcelo Aruajo (together, "Defendants"). Plaintiffs have worked for Defendants performing electric work at commercial and residential locations in Massachusetts and in other parts of the United States. These employees, many of whom are immigrants to the United States and who speak limited English, routinely worked more than forty hours per week, but Defendants

1

failed to pay them a full overtime premium of one-and-one-half times their regular hourly rate as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Massachusetts overtime statute, Mass. Gen. Laws. c. 151, § 1A, *et seq.* Defendants also unlawfully made deductions from Plaintiffs' wages for things such as tools that Plaintiffs used to perform their work duties. Plaintiffs seeks compensation for lost wages, treble damages, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and any other relief that the Court deems proper.

**II. PARTIES**

1. Plaintiff John Ribeiro is an adult resident of Marlborough, Massachusetts. He was employed by Defendants from approximately December 2018 to March 2021 performing electrical work.

2. Plaintiff Felipe Pereira is an adult resident of Marlborough, Massachusetts. He was employed by Defendants from approximately March 2018 until September 2021 performing electrical work.

3. Plaintiff Ebenézer Braga is an adult resident of Worcester, Massachusetts. He was employed by Defendants from approximately November 2020 until August 2022 performing electrical work.

4. Plaintiff Tiago Martins Teixeira is an adult resident of Marlborough, Massachusetts. He was employed by Defendants from approximately May 2022 until August 2022 performing electrical work.

5. Plaintiff Italo Alves is an adult resident of Framingham, Massachusetts. He was employed by Defendants from approximately November 2020 until October 2021 performing electrical work.

6. Plaintiff Ronne De Souza is an adult resident of Framingham, Massachusetts. He was employed by Defendants from approximately March 2022 until July 2022 performing electrical work.

7. Plaintiff Warley da Silva is an adult resident of Framingham, Massachusetts. He was employed by Defendants from approximately March 2019 until January 2022 performing electrical work.

8. Plaintiff Matheus Guimaraes da Silva is an adult resident of Framingham, Massachusetts. He was employed by Defendants from approximately April 2019 until September 2021 performing electrical work.

9. Plaintiff Hudson De Olivera Jr. is an adult resident of Shrewsbury, Massachusetts. He was employed by Defendants from approximately February 2019 until September 2023 performing electrical work.

10. Defendant Voltech is a corporation incorporated under the laws of Massachusetts with its principal place of business in Framingham, Massachusetts. Voltech employs individuals, including Plaintiffs, who perform work in the Commonwealth of Massachusetts and at other locations across the United States.

11. Defendant Marcelo Aruajo (hereinafter "Aruajo") is the President and Owner of Voltech. He is a resident of Framingham, Massachusetts.

III. **JURISDICTION AND VENUE**

12. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

13. Venue is proper in this Court because Plaintiffs and Defendants are residents of Massachusetts and Plaintiffs and other employees were employed by Defendants in Massachusetts.

## IV. STATEMENT OF FACTS

14. Voltech provides "electrical contracting services" for commercial, industrial, and residential properties.

15. Aruajo is the Owner and President of Voltech, and in those capacities manages the daily operations of Voltech, including interacting with Plaintiffs directly, supervising project contracts, scheduling, hiring and firing, and generally managing Voltech.

16. In doing so, Defendants directly employ dozens of electricians who travel in company vehicles while wearing company uniforms from Defendants' offices to worksites to perform a variety of electrical work, including but not limited to wiring, panel upgrades, generator installations, lighting installation.

17. Plaintiffs were directly employed by Defendants to perform a variety of these electrical work services at commercial, industrial, and residential worksites across the Eastern and Mid-Western United States.

18. Plaintiffs and other employees of Defendants routinely worked more than forty hours per week.

19. Plaintiffs would travel from Defendants' offices to their worksites in company vans or trucks and stay overnight at hotels for days or even weeks until a project was finished.

20. Plaintiffs routinely met at Voltech's office before commuting to the worksite in a company-owned and operated van. Despite being at work for the Defendant during this time, they were not compensated for travel time.

21. Plaintiffs were paid flat wages of between $15 and $23 per hour for all hours worked, varying depending on experience, supervisory responsibilities, and whether they worked a day or overnight shift.

22. For example, John Ribeiro earned between $15 and $18 per hour.

23. Felipe Pereira earned $15 per hour.

24. Ebenézer Braga earned $18 per hour.

25. Marcelo da Silva earned $20 per hour.

26. Tiago Martins Teixeira earned $16 per hour.

27. Italo Alves earned $16 per hour.

28. Ronne De Souza earned $17 per hour.

29. Warley da Silva earned $18 per hour.

30. Matheus Guimaraes da Silva earned $22 per hour.

31. Hudson De Oliveira Junior earned $23 per hour.

32. Some Plaintiffs received additional pay for for each night they would stay at a remote worksite in some cases.

33. Some Plaintiffs sometimes received a secondary wage whenever they worked overnight shifts. This secondary wage applied only for overnight shifts, and applied regardless of the overall amount of hours that an employee worked during the week.

34. Plaintiffs regularly worked over 40 hours per week, occasionally reaching upwards of 90 hours per week.

35. However, on those weeks, Defendants failed to pay Plaintiffs time and a half their regular and secondary wages for hours worked in excess of 40 per week.

36. As a result of Defendants' illegal and improper calculation of their employees' overtime wages, Plaintiffs and other employees suffered thousands of dollars in damages.

37. Defendants also required Plaintiffs to pay for their own tools by regularly deducting amounts from their paycheck. These deductions amounted to between $600-$2,000 per plaintiff.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

38. Pursuant to state law requirements set forth in Massachusetts General Law Chapter 149, § 150, Plaintiffs have filed their claims with the Office of the Attorney General and have received a right-to-sue letter in order to proceed on their claims in court.

## COUNT I

### (FLSA Overtime Claim)

39. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 207, for Defendants' failure to pay Plaintiffs the proper overtime rate for all hours worked in excess of forty (40) per workweek.

40. Defendants is an "employer" for purposes of the FLSA, 29 U.S.C. § 203(s), because, on information and belief, Defendants has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

41. Plaintiffs regularly worked more than forty hours per week, and Defendants failed to pay them at the overtime rate required under the FLSA.

42. Defendants' violations of the overtime requirements of the FLSA were willful, since their conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

43. The Count is brought under 29 U.S.C. § 216(b).

## COUNT II

### **(Massachusetts Overtime Claim)**

44. By failing to pay Plaintiffs the proper overtime rate for hours worked in excess of forty per week, Defendants violated Mass. Gen. L. c. 151 § 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT IV

### **(Unlawful Deductions Claim)**

45. By deducting from Plaintiffs' wages for the costs of tools used to perform their work duties, Defendants violated Mass. Gen. L. c 149 § 148. This claim is brought pursuant to Mass. Gen. L. c 149, §150.

## JURY DEMAND

Plaintiffs requests a trial by jury on their claims.

WHEREFORE, Plaintiffs requests that this Court enter the following relief:

1. An award of damages for all wages that are due to the Plaintiffs;

2. Liquidated damages under the FLSA;

3. Trebling of damages under Massachusetts law;

4. Pre-judgment and post-judgment interest;

5. Attorneys' fees and costs; and

6. Any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

John Ribeiro, Felipe Pereira, Ebenézer Braga, Marcelo da Silva, Tiago Martins Teixeira, Italo Alves, Ronne De Souza, Warley da Silva, Matheus Guimaraes da Silva, and Hudson De Oliveira Junior,

By their attorneys,

  /s/ Harold Lichten
Harold Lichten, BBO # 549689
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Ste. 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:  (617) 994-5801
hlichten@llrlaw.com

Dated:     July 03, 2024